ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 28 2026

Kevin P. Weimer, **Clerk**
By:     Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Indictment |
| *v.* | No. |
| TRACY DARYL MINGO | **1:26-CR-0329** |

THE GRAND JURY CHARGES THAT:

### Count One
### (Hobbs Act Robbery – 18 U.S.C. § 1951)

On or about October 20, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, that is, the defendant did knowingly take money and property belonging to Circle K, located at 1697 Norman Drive, College Park, Georgia, a business then engaged in interstate commerce, from the person and presence of an employee of Circle K, against the employee's will, by means of actual and threatened force, violence, and fear of injury to the employee, all in violation of Title 18, United States Code, Section 1951.

### Count Two
### (Brandishing a Firearm During a Crime of Violence – 18 U.S.C. § 924(c)(1)(A))

On or about October 20, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted

in a court of the United States, that is, Hobbs Act Robbery, as charged in Count One of this Indictment, and during and in relation to the commission of the offense, did brandish a firearm, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

### Count Three
### (Hobbs Act Robbery – 18 U.S.C. § 1951)

On or about December 5, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, that is, the defendant did knowingly take money and property belonging to Subway, located at 5209 W. Fayetteville Road, College Park, Georgia, a business then engaged in interstate commerce, from the person and presence of an employee of Subway, against the employee's will, by means of actual and threatened force, violence, and fear of injury to the employee, all in violation of Title 18, United States Code, Section 1951.

### Count Four
### (Brandishing a Firearm During a Crime of Violence – 18 U.S.C. § 924(c)(1)(A))

On or about December 5, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Hobbs Act Robbery, as charged in Count Three of this Indictment, and during and in relation to the commission of the offense, did brandish a firearm, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

2

## Count Five
### (Hobbs Act Robbery – 18 U.S.C. § 1951)

On or about December 8, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, that is, the defendant did knowingly take money and property belonging to Family Dollar, located at 3985 Flat Shoals Road, Union City, Georgia, a business then engaged in interstate commerce, from the person and presence of an employee of Family Dollar, against the employee's will, by means of actual and threatened force, violence, and fear of injury to the employee, all in violation of Title 18, United States Code, Section 1951.

## Count Six
### (Brandishing a Firearm During a Crime of Violence – 18 U.S.C. § 924(c)(1)(A))

On or about December 8, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Hobbs Act Robbery, as charged in Count Five of this Indictment, and during and in relation to the commission of the offense, did brandish a firearm, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## Count Seven
### (Hobbs Act Robbery – 18 U.S.C. § 1951)

On or about December 9, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did obstruct, delay, and affect commerce, as

3

that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, that is, the defendant did knowingly take money and property belonging to Family Dollar, located at 4226 Washington Road, East Point, Georgia, a business then engaged in interstate commerce, from the person and presence of an employee of Family Dollar, against the employee's will, by means of actual and threatened force, violence, and fear of injury to the employee, all in violation of Title 18, United States Code, Section 1951.

## Count Eight
### (Brandishing a Firearm During a Crime of Violence – 18 U.S.C. § 924(c)(1)(A))

On or about December 9, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Hobbs Act Robbery, as charged in Count Seven of this Indictment, and during and in relation to the commission of the offense, did brandish a firearm, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## Count Nine
### (Hobbs Act Robbery – 18 U.S.C. § 1951)

On or about December 11, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, that is, the defendant did knowingly take money and property belonging to Family Dollar, located at 2522

Bouldercrest Road, DeKalb County, Georgia, a business then engaged in interstate commerce, from the person and presence of an employee of Family Dollar, against the employee's will, by means of actual and threatened force, violence, and fear of injury to the employee, all in violation of Title 18, United States Code, Section 1951.

## Count Ten
### (Brandishing a Firearm During a Crime of Violence – 18 U.S.C. § 924(c)(1)(A))

On or about December 11, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Hobbs Act Robbery, as charged in Count Nine of this Indictment, and during and in relation to the commission of the offense, did brandish a firearm, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## Count Eleven
### (Hobbs Act Robbery – 18 U.S.C. § 1951)

On or about December 13, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, that is, the defendant did knowingly take money and property belonging to Circle K, located at 1697 Norman Drive, College Park, Georgia, a business then engaged in interstate commerce, from the person and presence of an employee of Circle K, against the employee's will, by means of actual and threatened force, violence, and fear of injury to the employee, all in violation of Title 18, United States Code, Section 1951.

5

## Count Twelve
### (Brandishing a Firearm During a Crime of Violence – 18 U.S.C. § 924(c)(1)(A))

On or about December 13, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Hobbs Act Robbery, as charged in Count Eleven of this Indictment, and during and in relation to the commission of the offense, did brandish a firearm, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## Count Thirteen
### (Attempted Hobbs Act Robbery – 18 U.S.C. § 1951)

On or about December 15, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, that is, the defendant did knowingly attempt to take money and property belonging to Family Dollar, located at 100 NW Broad Street, Fairburn, Georgia, a business then engaged in interstate commerce, from the person and presence of an employee of Family Dollar, against the employee's will, by means of actual and threatened force, violence, and fear of injury to the employee, all in violation of Title 18, United States Code, Section 1951.

6

## Count Fourteen
### (Hobbs Act Robbery – 18 U.S.C. § 1951)

On or about December 28, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, that is, the defendant did knowingly take money and property belonging to Subway, located at 1871 South Cobb Parkway, Marietta, Georgia, a business then engaged in interstate commerce, from the person and presence of an employee of Subway, against the employee's will, by means of actual and threatened force, violence, and fear of injury to the employee, all in violation of Title 18, United States Code, Section 1951.

## Count Fifteen
### (Brandishing a Firearm During a Crime of Violence – 18 U.S.C. § 924(c)(1)(A))

On or about December 28, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Hobbs Act Robbery, as charged in Count Fourteen of this Indictment, and during and in relation to the commission of the offense, did brandish a firearm, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## Count Sixteen
### (Hobbs Act Robbery – 18 U.S.C. § 1951)

On or about December 30, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did obstruct, delay, and affect commerce, as

that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, that is, the defendant did knowingly take money and property belonging to Family Dollar, located at 1982 Candler Road, Decatur, Georgia, a business then engaged in interstate commerce, from the person and presence of an employee of Family Dollar, against the employee's will, by means of actual and threatened force, violence, and fear of injury to the employee, all in violation of Title 18, United States Code, Section 1951.

## Count Seventeen
### (Brandishing a Firearm During a Crime of Violence – 18 U.S.C. § 924(c)(1)(A))

On or about December 30, 2025, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Hobbs Act Robbery, as charged in Count Sixteen of this Indictment, and during and in relation to the commission of the offense, did brandish a firearm, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## Count Eighteen
### (Hobbs Act Robbery – 18 U.S.C. § 1951)

On or about January 1, 2026, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, that is, the defendant did knowingly take money and property belonging to Circle K, located at 3601 Flat Shoals Road, Union City,

Georgia, a business then engaged in interstate commerce, from the person and presence of an employee of Circle K, against the employee's will, by means of actual and threatened force, violence, and fear of injury to the employee, all in violation of Title 18, United States Code, Section 1951.

## Count Nineteen
### (Brandishing a Firearm During a Crime of Violence – 18 U.S.C. § 924(c)(1)(A))

On or about January 1, 2026, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Hobbs Act Robbery, as charged in Count Eighteen of this Indictment, and during and in relation to the commission of the offense, did brandish a firearm, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## Count Twenty
### (Possession of a Firearm by a Convicted Felon – 18 U.S.C. § 922(g)(1))

On or about January 2, 2026, in the Northern District of Georgia, the defendant, TRACY DARYL MINGO, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, at least one of the following:

1. Theft by Taking, in the Superior Court of Clayton County, Georgia, on or about June 21, 2012;

2. Possession of a Firearm by a Convicted Felon, in the Superior Court of Henry County, Georgia, on or about November 11, 2019; and

3. Possession of a Schedule IV Controlled Substance (Benzodiazepine), in the District Court of Clayton County, Georgia, on or about July 9, 2021;

9

did knowingly possess a firearm, that is, a Taurus model PT140 G2 40 caliber pistol, said possession being in and affecting interstate and foreign commerce, all in violation of Title 18, United States Code, Section 922(g)(1).

### Forfeiture Provision

Upon conviction of one or more of the offenses alleged in Counts One, Three, Five, Seven, Nine, Eleven, Thirteen, Fourteen, Sixteen, and Eighteen of this Indictment, the defendant, TRACY DARYL MINGO, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of each offense alleged in Counts One, Three, Five, Seven, Nine, Eleven, Thirteen, Fourteen, Sixteen, and Eighteen of this Indictment.

Upon conviction of one or more of the offenses alleged in Counts Two, Four, Six, Eight, Ten, Twelve, Fifteen, Seventeen, Nineteen, and Twenty of this Indictment, the defendant, TRACY DARYL MINGO, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in the commission of the offenses.

If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

10

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A  _TRUE_  BILL

_____
FOREPERSON

THEODORE S. HERTZBERG
*United States Attorney*

BENJAMIN WYLLY
*Assistant United States Attorney*
Georgia Bar No. 428486

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000
404-581-6181 (fax)